HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOBY WILLIAMS and LISA WILLIAMS, each individually and the marital community composed thereof,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, a foreign company,

Defendant.

Case No. C09-5507RBL

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING *OLYMPIC STEAMSHIP* FEES AND ONE YEAR SUIT LIMITATION

## I. BACKGROUND

THIS MATTER comes before the Court on Defendant's Motion for Partial Summary Judgment Regarding *Olympic Steamship* Fees and One Year Suit Limitation. [Dkt. #7]. Plaintiffs Toby and Lisa Williams bring this action for damages claimed under the homeowner's insurance policy they purchased from Defendant Allstate. They allege: 1) breach of implied covenant of good faith and fair dealing, 2) breach of contract, and 3) unfair business practices. [Notice of Removal, Exh. B (Complaint), Dkt. #1]. Defendant now asks the Court to rule that Plaintiffs are not entitled to *Olympic Steamship* attorneys fees, and to dismiss Plaintiffs' breach of contract claims for failure to file this suit within the one year limitation period. [Dkt. #7].

The Court has reviewed the documents submitted in support of the motion. Plaintiffs have failed

to file a response in opposition. For the following reasons, Defendant's motion is GRANTED. Plaintiffs' claim for breach of contract is dismissed; however, their claims for unfair business practices, and breach of implied covenant of good faith and fair dealing remain.

## II. BACKGROUND

On the night of February 16, 2007,[1] a fire damaged Plaintiffs Toby and Lisa Williams' home. [Notice of Removal, Exh. B (Complaint), Dkt. #1]. Plaintiffs claimed that the insurance policy they carried with Allstate covered such damage, and notified Defendant immediately. [Notice of Removal, Exh. B (Complaint), Dkt. #1]. Negotiations occurred between Defendant and Jack Thomas, a public adjuster hired to assist Plaintiffs with their claim. *Id.* From February of 2007 to January of 2008, Defendant made several payments to the Plaintiffs for structural damage, content loss, and additional living expenses. [Decl. Of Jason Catlett, Dkt. #8]. Although Plaintiffs claim that these payments were "arbitrarily and substantially less than the actual cash value" of the home and its contents, Plaintiffs admit that Defendant made payments toward the cash value of their claim. [Notice of Removal, Exh. B (Complaint), Dkt. #1]. In fact, the Plaintiffs' Complaint states: "[Allstate made] an uncontested payment toward the actual cash value of the Williams' Personal Property claim." *Id.*

On July 13, 2009, Plaintiffs filed this action in Pierce County Superior Court. [Dkt. #1]. On August 19, 2009 Defendant filed a Notice of Removal Pursuant to 28 U.S.C. §1441(a). *Id.* Defendant filed this Motion for Partial Summary Judgment Regarding *Olympic Steamship* Fees and One Year Suit Limitation on December 10, 2009. Plaintiffs did not file a response.

## III. ANALYSIS

If a party fails to respond to a motion, the Court may consider the failure as an admission that the motion has merit. CR 7(b)(2), Local Rules W.D. Wash. Plaintiffs' failure to file a response indicates that Allstate's motion has merit. Nevertheless, the Court will briefly explain its reasoning.

**A. Summary Judgment Standard**

Summary judgment is appropriate when the record shows that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v.*

---

[1] Defendant's Motion for Partial Summary Judgment Regarding *Olympic Steamship* Fees and One Year Suit Limitation [Dkt. #7] claims that the fire occurred in the early morning of February 17, 2007.

ORDER
Page - 2

*Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *U.S. v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990). When a properly supported motion for summary judgment is made, the burden then shifts and the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250.

Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp.*, 68 F.3d at 1220.

**B. *Olympic Steamship* Attorney's Fees**

Defendant claims that it did not deny coverage over Plaintiff's claim, attorneys fees are not appropriate under *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991). [Dkt. #7]. Under *Olympic Steamship*, the insured may recover attorney's fees "in any action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract . . . ." *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 53, 811 P.2d 673 (1991). But *Olympic Steamship* applies only when the insurer wrongfully denies coverage. *See Greengo v. Public Emples. Mut. Ins. Co.*, 135 Wn.2d 799, 959 P.2d 657 (1998), citing *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 930 P.2d 288 (1997); *Anderson v. State Farm Mutual Ins. Co.*, 101 Wn. App. 323, 2 P.3d 1029 (2000). It does not apply if value of the claim is in dispute. *Id.*

Defendant did not deny coverage. Plaintiffs admit that Defendant made several payments on their claim between February 2007 and January 2008. [*See* Decl. Of Jason Catlett, Dkt. # 8]. Rather, the controversy was over the amount of a claim. Thus, Plaintiffs are not entitled to *Olympic Steamship* attorneys fees.

**C. Suit Limitation**

Defendant argues that Plaintiffs' claims are time-barred because this action was commenced more than a year after the fire occurred. [Dkt. #7]. In Washington, contract provisions limiting actions "prevail over general statutes of limitations unless prohibited by statute or public policy, or unless they are

unreasonable." *Ashburn v. SAFECO Insurance Co. Of Am.*, 42 Wn. App. 692, 696, 713 P.2d 742 (1986). Washington courts have regularly upheld one-year limitations in insurance contracts. *See Id.* at 695; *Johnson v. Phoenix*, 70 Wn.2d 726, 426 P.2d 1 (1967).

Plaintiffs' insurance policy requires any action to be "brought within one year after the inception of loss or damage." [Decl. of Jason Catlett, Exh. 1, at 21, Dkt. # 8]. The fire occurred at Plaintiff's residence on February 16, 2007. [Notice of Removal, Exh. B (Complaint), Dkt. #1]. Plaintiffs initiated this action on July 13, 2009. *Id.* Because Plaintiffs brought this action more than two years after the "inception of loss or damage," their claim for breach of contract is time-barred.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment Regarding *Olympic Steamship* Fees and One Year Suit Limitation [Dkt. #7] is GRANTED. Plaintiffs' claim for breach of contract is dismissed; however, their claims for unfair business practices, and breach of implied covenant of good faith and fair dealing remain.

DATED this 13th day of January, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE